UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80574-BLOOM/Reinhart

RICHARD RITENOUR,

    Plaintiff,

v.

AMERIGAS PROPANE, INC.,

    Defendant.

_____/

**ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Plaintiff Richard Ritenour's ("Plaintiff") Motion for Reconsideration, ECF No. [54] (the "Motion"). The Court has carefully reviewed the Motion, the opposing and supporting briefs, the record and the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

**I.   BACKGROUND**

Plaintiff filed the above-styled lawsuit in the Circuit Court in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* ECF No. [1-1]. The action was subsequently removed to federal court on the basis of diversity jurisdiction. ECF No. [1]. In the Complaint, Plaintiff asserted a single count against the Defendant Amerigas Propane, Inc. ("Defendant") for an alleged violation of the Florida Private Whistleblower Act ("FWA") pursuant to Florida Statutes, § 448.102(3). *See* ECF No. [1-1], at 4. On January 4, 2019, Defendant moved for summary judgment and the Court thereafter granted the Motion finding that the Plaintiff had failed to establish a *prima facie* case under the FWA (the "Order"). ECF No. [46]. On April 17, 2019, Plaintiff filed the instant motion seeking reconsideration of the Court's Order ("Motion"). ECF No. [54].

## II. LEGAL STANDARD

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.' " *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 691 (M.D. Fla. 1994)). On the other hand, "[a] 'motion for reconsideration should not be used as a vehicle to . . . reiterate arguments previously made.'" *Id.*

## III. DISCUSSION

In the Motion, Plaintiff argues that after the issuance of the Court's Order, the Eleventh Circuit Court of Appeals issued an opinion in *Jacqueline Lewis v. City of Union City, Georgia*, 918 F.3d 1213 (11th Cir. 2019). Plaintiff contends that the state of the law establishes that the Court is required to conduct a meaningful comparator analysis in the *prima facie* stage in analyzing his FWA claim. ECF No. [54], at 3. Plaintiff further argues that if this would have been done, the Court would have reached the opposite result in the Order. *Id.* at 4. Defendant, however, contends that *Lewis* is inapplicable to the instant action because it concerns a federal intentional discrimination claim under Title VII. ECF No. [58], at 4. Defendant argues that the elements for establishing a *prima facie* case for federal intentional discrimination claims and claims pursuant

to the FWA are fundamentally different. *Id.* Further, Defendant argues that *Lewis* is instructive specifically on the analysis conducted for intentional discrimination claims. *Id.*

The Court has carefully reviewed the Eleventh Circuit's opinion in *Lewis* and agrees with the Defendant that Plaintiff's argument is misplaced. In *Lewis*, the Eleventh Circuit expressly stated in its opinion that it "took this case *en banc* to clarify the proper standard for comparator evidence **in intentional-discrimination cases**." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220 (11th Cir. 2019). The Court of Appeals elaborated that

> [w]hen proceeding under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by showing (1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer treated "similarly situated" employees outside her class more favorably.

*Id.* at 1220–1221. Indeed, the fourth element of an intentional-discrimination claim necessitates the need to conduct a meaningful comparator analysis during the *prima facie* stage because the element itself **compares** the treatment of other similar situated. *Id.* at 1218. Unlike the case in *Lewis*, however, the instant action concerns a claim under the FWA. To state a *prima facie* case under the FWA, a plaintiff must establish that: (1) plaintiff engaged in a protected activity; (2) plaintiff suffered a materially adverse employment action; and (3) the adverse action was causally connected to the protected activity. *Castillo v. Roche Labs., Inc.*, 467 Fed. Appx. 859, 862 (11th Cir. 2012). Contrary to Plaintiff's argument in its Motion, none of these elements calls for a comparator analysis to be conducting during the *prima facie* stage.

As stated by the Court in its Order, Plaintiff failed to establish the causation element of his FWA claim by failing to demonstrate a causal connection between the alleged protected expression and his termination. The record evidence demonstrated that there were several intervening acts of misconduct that occurred. The Eleventh Circuit has made clear that the presence of an intervening

act of misconduct severs any causal connection that could otherwise be made between the expression and the adverse employment action. *Henderson v. FedEx Express*, 442 F. App'x 502, 506 (11th Cir. 2011) ("Intervening acts of misconduct can break any causal link between the protected conduct and the adverse employment action."); *see also Hankins v. AirTran Airways, Inc.*, 237 F. App'x 513, 520–21 (11th Cir. 2007) ("This intervening act of misconduct, which was plainly in violation of Rules 1 and 14 of AirTran Airways Crew Member Handbook, severed the causal connection (if any) between Hankins' initial complaint of discrimination and AirTran's decision to terminate her employment. . . . Despite a close proximity in time between these events, the evidence establishes that Hankins' flagrant act of misconduct broke the causal chain."). Here, the record is replete with several intervening acts of misconduct committed by the Plaintiff. Thus, record evidence demonstrated that there was no genuine issue of material fact as to the causation element of his claim. Therefore, Plaintiff failed to establish a *prima facie* case for his FWA claim.

Plaintiff's Motion attempts to conflate the Eleventh Circuit's opinion in *Lewis*, which specifically addresses the application of the *McDonnell Douglas* framework to intentional discrimination claims with the analysis applied during the *prima facie* stage of a FWA claim. Such analysis, contrary to Plaintiff's representation, is not one and the same. Thus, the Court declines Plaintiff's invitation to treat it as such and reconsideration of the Court's Order is not warranted.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration, **ECF No. [54]**, is **DENIED**.

Case No. 18-cv-80574-BLOOM/Reinhart

**DONE AND ORDERED** in Miami, Florida, this 14th day of May, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record